UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| WILLIAM M. COPELAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:04-CV-010 |
| | ) | |
| CSX TRANSPORTATION, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

William M. Copeland alleges that he developed "occupational neck, back, shoulder[,] and knee injuries" from performing his duties as an employee of CSX Transportation, Inc., and that CSX is therefore liable under the Federal Employers Liability Act ("FELA"), 45 U.S.C. § 51 *et seq*. (*See* Compl.) Currently before the Court is Copeland's Motion to Compel (Docket # 21), in which he seeks information about similar claims brought against CSX by other claimants. For the reasons given below, the motion will be GRANTED.

At issue are ten of Copeland's requests for production of documents. *See* Fed. R. Civ. P. 34. Request No. 1 asks for "[a]ny and all data and/or statistics pertaining [to] the number of cumulative trauma back injury claims and lawsuits brought by brakemen, conductors or trainmen against CSX Transportation in the last 10 years." (Pl.'s Mot. to Compel, Ex. 1 at 1.) Request No. 2 asks for "[a]ny and all documents or other materials regarding cumulative trauma back injury claims and lawsuits brought by brakemen, conductors or trainmen against CSX Transportation in the last 10 years, including the names of the parties, court and case number for each lawsuit." (*Id.*) Request Nos. 3 and 4, 5 and 6, 7 and 8, and 9 and 10 are identical to Request Nos. 1 and 2, except that in place of "cumulative trauma back injury," they substitute

"cumulative trauma neck injury," "cumulative trauma shoulder injury," "cumulative trauma knee injury," and "'worn' or 'wear out,'" respectively. (*Id.*)

At oral argument, Copeland's counsel stated that what he really seeks from these requests is the following information: (1) the gross number of claims and lawsuits filed by brakemen, conductors, or trainmen against CSX in the last ten years which alleged any of the five different types of injuries mentioned above; (2) for each claim in (1), the name of the claimant; and (3) for each lawsuit in (1), the name of the plaintiff, court, and case number.  According to Copeland, this information will help him show that CSX knew or should have known of the allegedly unsafe conditions which led to his injuries. *See, e.g, Doty v. Ill. Cent. R.R. Co.*, 162 F.3d 460, 462 (7th Cir. 1998) (holding that FELA claimant must ultimately show "that his working conditions were unsafe and that [the defendant] should have known of those unsafe conditions").  CSX objects to the disclosure of this information on several grounds, none of which are persuasive.

CSX first argues that all of the requested information is irrelevant.  The mere fact that claims have been brought, says CSX, does not prove that those claims had any merit, and thus it does not prove that CSX should have known of the allegedly unsafe conditions.  That is true, but "relevance" for discovery purposes is "construed broadly to encompass any matter that bears on, *or that reasonably could lead to other matter that bears on*, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (emphasis added).  Here, identifying information about claims and lawsuits brought against CSX could lead to the discovery of details about those claims and lawsuits, which could be highly relevant.  For instance, if it turns out that CSX has suffered several multi-million dollar verdicts in cases

2

similar to Copeland's, that certainly might convince a jury that CSX should have known of his allegedly unsafe working conditions.  Thus, CSX's relevancy objection is without merit.[1]

CSX also complains that Copeland's requests are overbroad, as they are not limited to the specific injuries that Copeland alleges.  This is flatly wrong – Copeland asks only for information about claims and lawsuits that alleged the same injuries he alleges in his complaint.  (*Compare* Compl. *with* Pl.'s Mot. to Compel, Ex. 1.)  Similarly, CSX argues that Copeland's request should be limited to the same time and place as Copeland's employment.  As CSX puts it, "if a conductor in Waycross, Georgia, alleged in a lawsuit that his specific work conditions in Waycross, Georgia, caused him to suffer a cumulative trauma injury to his shoulder in 1995, that allegation would not, and could not, provide any notice to [CSX] of any type of problem in Garrett, Indiana [Copeland's workplace], in 2003."  (Mem. in Opp'n at 2-3.)  Again, CSX's view of relevancy is much too narrow.  It may be that the work conditions in Waycross, Georgia, are identical (or substantially similar) to those in Garrett, Indiana, and that they were the same in 1995 as they were in 2003, making such a comparison probative.  For example, one would think that a brakeman, conductor, or trainman would spend at least some of his time working inside an actual train, and presumably the work areas inside that train are identical whether the train is sitting in Waycross, Garrett, or any other depot.[2]  Thus, CSX's overbreadth objection is unpersuasive.

CSX also contends that even if Copeland is entitled to the information he requests, he

---

[1] In a similar vein, CSX suggests that the information Williams seeks would be inadmissible at trial.  (Mem. in Opp'n at 3-4.)  But evidence need not be admissible to be "relevant" for discovery purposes – it need only be "reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).

[2] Similarly, the outside working conditions (*e.g.*, the size, level, and composition of the ballast) could also be substantially the same across the CSX system.

3

should first be required to define his injuries more precisely.  At oral argument, CSX took this argument even further, suggesting that Copeland is not entitled to discover any of the requested information because he has not yet proven that he actually has the injuries in question.  However, CSX puts the cart well before the horse.  Copeland is not required to prove up his injuries or define them in medically precise terms before engaging in discovery about claims involving similar injuries.  The very purpose of discovery is to "narrow and clarify the basic issues between the parties" and "ascertain[] the facts . . . relative to those issues."  *Hickman v. Taylor*, 329 U.S. 495, 501 (1947).

Finally, CSX makes a confused argument that (1) some attorneys, including those representing Copeland, have engaged in "highly active screening programs" nationwide to identify potential plaintiffs; and (2) if Copeland is allowed discovery about the number of claims brought against CSX, then CSX "should be entitled" to conduct discovery regarding these screening programs. (Mem. in Opp'n at 3.)  This argument is utterly irrelevant to the instant motion.  If CSX wants to conduct discovery on such matters, it is free to do so; if Copeland objects to that discovery, then the Court will rule on his objections.  But that issue is not before the Court now, and it has nothing to do with whether Copeland is entitled to the discovery he seeks.

In sum, none of CSX's objections to Copeland's discovery requests have merit.  Thus, Copeland's Motion to Compel (Docket # 21) is GRANTED.  CSX is ORDERED to produce, no later than June 6, 2005, documents indicating (1) the gross number of claims and lawsuits filed by brakemen, conductors, or trainmen against CSX in the last ten years which alleged cumulative trauma back injury, cumulative trauma neck injury, cumulative trauma shoulder


injury, cumulative trauma knee injury, or "worn or "wear out" injury; (2) for each claim in (1), the name of the claimant; and (3) for each lawsuit in (1), the name of the plaintiff, court, and case number.[3]

Enter for this 17th day of May, 2005.

                                                /S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge

---

[3] The Court recently considered a very similar issue in *Williams v. CSX Transportation, Inc.*, Cause No. 1:03-CV-348. There, after the Court granted a similar motion to compel in the plaintiff's favor, CSX moved for partial relief from the order, claiming that it was unduly burdensome for it to retrieve the case numbers of all the relevant lawsuits filed against it. On May 12, 2005, the Court rejected CSX's argument and denied its motion. While CSX has not made that explicit argument in the instant case, it is unlikely to be any more successful here.